[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, by writ and complaint, claiming a dissolution of the marriage of the parties and other relief, as on file, came to this court on May 20, 1996 with a return date of June 4, 1996 and thence to later dates when the defendant appeared and filed a cross complaint. Both parties appeared for a limited contested trial on May 1, 1997, when the plaintiff proceeded on her complaint. The defendant indicated at the beginning of the trial that he would agree to a dissolution on the grounds of irretrievable breakdown and that only financial orders were in dispute. Accordingly, the defendant's cross-complaint is CT Page 5789 dismissed.
The court, having heard the evidence, finds the following:
The wife, Louise E. Durant, whose prior name was Louise Douglas, was lawfully married to the husband, Willie P. Durant, on May 15, 1992 in Plymouth, Connecticut.
At least one party has resided continuously in this state twelve months next before the date of the filing of the complaint and all statutory stays have expired.
There are no minor children issue of the marriage and no minor children have been born to the wife since the date of the marriage.
Neither party has been receiving state nor municipal welfare assistance.
This was a marriage of short duration and both parties knowingly and voluntarily waived their right to seek alimony. Both parties are in good health and maintain individual retirement accounts. The plaintiff is gainfully employed. The husband was recently laid off after his company was purchased, but he has ten years of experience as a security guard.
The only unresolved issue in this case is whether or not the wife is entitled to any payment in the form of a property settlement for her claimed equity in the marital premises located at 6 Bismark Avenue in Newington, Connecticut. Although the parties were married in 1992, they maintained separate residences until March of 1994, when they purchased the marital premises. Since the wife's name appeared on a mortgage affecting a North Carolina property as the result of her prior marriage, Countrywide Mortgage, the lending institution involved in the purchase of 6 Bismark Avenue, would not allow her to be a signatory on the mortgage note. The husband thus became the sole obligor on the mortgage note and the only record owner of the home. The parties each contributed approximately $15,000.00 in order to purchase the home and cover the expenses of a down payment and settlement costs. This property was clearly intended to be a marital residence and a joint obligation at the time of purchase.
Unfortunately, the marriage did not fare well, primarily due CT Page 5790 to the poor relationship between the husband and the plaintiff's two children. The plaintiff and her children moved out in March of 1995, leaving the husband with sole responsibility for all of the expenses of the marital premises. He has been paying these expenses for more than two years with no contribution from the wife, who purchased her own home at 177 Horse Plain Road in New Britain after the separation.
Neither party submitted any appraisal of the present value of the marital premises, but the purchase price, according to the husband, was $114,900.00. The wife did not remember the purchase price. The existing balance owed on the mortgage is $86,290.00. The monthly mortgage payment, which has not changed since the date of purchase, is $782.00, including taxes and hazard insurance. The mortgage is current.
Although the wife is demanding return of her $15,000.00 contribution toward the purchase of the marital premises, that is not an equitable result because the potential equity in the home would be much less than $30,000.00 if it was to be sold, (especially after payment of a real estate commission and closing costs), and she moved out without contributing anything toward the expenses of the home for more than two years.
With regard to the division of property in this case, the court has considered the parties' respective arguments, case law, the testimony of the parties and their financial affidavits. In addition, the court has taken into consideration all of the criteria set forth in General Statutes § 46b-81 as to the division of martial assets.
Accordingly, the court enters the following orders:
1. A decree of the dissolution of the parties' marriage will enter on the grounds of irretrievable breakdown.
2. The wife will retain, free of any claim, interest or demand on the part of the husband, her exclusive interest in and possession of premises located at 177 Horse Plain Road in New Britain, Connecticut.
3. The husband will retain his exclusive interest in and possession of the marital premises located at 6 Bismark Avenue in Newington, Connecticut. By way of a property settlement, he will pay to the wife the sum of $7,500.00. The sum of $3,000.00 is to CT Page 5791 be paid to the wife within 30 days from the date of this judgment. The remaining balance will be paid to the wife within three (3) years, in annual installments of at least $1,500.00. Each annual installment will be due on or before July 1, with the first payment being due on July 1, 1998. In the event the property is sold, the entire outstanding balance will be due at the time of sale. In the event the balance is not paid on or before July 1, 2000, interest will accrue at the rate of 6% per annum on any unpaid balance. The husband will give the wife a promissory note and mortgage in the amount of $4,500.00 under the terms described above to secure these payments.
5. All tangible personal property now in the possession of either party, including, but not limited to bank accounts, savings bonds, motor vehicles, employment or retirement benefits, IRA accounts and household furnishings will be wholly his or hers, free from any claim or demand by the other. Each party will be free to dispose of the same as if he or she were unmarried. Each party will indemnify and hold the other harmless from any claims or encumbrances thereon.
6. Each party will be responsible for and indemnify and hold the other harmless from all debts which appear on his or her financial affidavit.[1]
7. Neither party will pay alimony to the other.
8. Each party will pay his or her own attorney's fees.
Judgment will enter in accordance with the foregoing.
CHRISTINE E. KELLER JUDGE OF THE SUPERIOR COURT